### LAWRENCE *vs.* COLLIER, and others.

A verdict of a jury will not be set aside, on the ground that one of the jurors " knew and was aware of the circumstances connected with the affair," the subject matter of the suit, where no objection to him was made until after the verdict was rendered, and it not appearing that he had formed or expressed an opinion before the trial, or was in any way biased in favor of the plaintiff.

THIS was an action brought in the court of First Instance of San Francisco, against James Collier and his two sons Edwin D. Collier and John A. Collier, to recover damages for an assault and battery claimed to have been committed by them on the plaintiff, while crossing the country from Santa Fé to California. Much conflicting evidence was given at the trial, but no questions of law were raised. The cause was tried before a jury, who found a verdict for the plaintiff in the sum of $1675, upon which judgment was rendered by the court. The defendants made a motion for a new trial in the court of First Instance,

and the court ordered that "the verdict should be set aside and a new trial granted, unless the plaintiff would consent that the verdict be reduced to five hundred dollars." The plaintiff refused to consent, but appealed from the order to this court.

*E. C. Marshall*, for the plaintiff.

*Wilson Shannon*, for the defendants.

*By the Court*, HASTINGS, Ch. J. This was an action for damages for an assault and battery. The jury rendered a verdict in favor of appellant for $1675, and a judgment having been duly rendered thereon, the defendants moved the court to set aside the verdict, and grant a new trial upon the affidavit of one William Brisbane, to the effect that one of the jurors, James Swartwout, "knew and was aware of the circumstances connected with that affair," the alleged assault and battery, prior to being summoned as a juror. It is unnecessary for this court to decide that such knowledge would not disqualify a juror, and such seems to have been the opinion of the court below, as is apparent from the order of the judge as follows :—"Whereupon, after hearing *coun-* "*sel* on both sides, his honor the judge gave and declared his "decision that said verdict should be set aside, and a new trial "granted, unless the plaintiff would consent that the verdict be "reduced to five hundred dollars." From this decision the appellant appeals to this court. For the reasons stated in the case of *Payne* v. *The Pacific Mail Steamship Company*, decided at the present term of this court, the above order of the court of First Instance is reversed, and the court below is ordered to enter judgment upon the verdict.